[610 NYS2d 848]

In the Matter of Louis J. Milone, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, April 18, 1994

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset *(Dianne M. Saccone* of counsel), for petitioner.

*Robert A. Ungar, P. C.,* Garden City *(Louis Gerstman* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent is charged with three allegations of professional misconduct. The Special Referee sustained all three charges. The Grievance Committee moves to confirm the report of the Special Referee. The respondent cross-moves to confirm in part and disaffirm in part and to impose such discipline upon him as the Court may deem just and proper.

Charge Two alleged that the respondent commingled personal and client escrow funds. On or about December 9, 1987, the respondent received a down payment of $4,900 from the prospective purchasers of a former marital residence.

By letter dated May 23, 1989, the respondent informed Grievance Counsel that $200 of the down payment was immediately dispersed to the broker and $4,700 was to be maintained as the escrow down payment pending the closing on the marital residence. The respondent's bank statement for the month of December 1987 indicates that a check in the amount of $4,700 was deposited into the respondent's interest bearing money market account at European American Bank (account number 058-12934-7). The respondent testified that the aforementioned account was not his attorney escrow account but, rather, his personal account.

Charge Three alleged that the respondent failed to maintain required bookkeeping records relating to this client escrow account. The respondent failed to maintain, for seven years after the events, a record or ledger identifying the date, source, and description of each item deposited, as well as the date, payee, and purpose of each withdrawal or disbursement, at or near the time of the event. The respondent failed to maintain all checkbooks, check stubs, bank statements, prenumbered cancelled checks, and duplicate deposit slips in the manner required. Furthermore, the respondent made withdrawals from his special account to cash and not to a named payee.

Upon review of the evidence adduced, we conclude that the Special Referee properly sustained Charges Two and Three and his report is sustained to that extent. To the extent that the Special Referee also sustained Charge One, the report is disaffirmed. The petitioner's motion to confirm is granted with respect to Charges Two and Three. The respondent's cross motion to confirm in part and disaffirm in part is granted to

the extent that Charge One is not sustained and Charges Two and Three are sustained.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider such factors as his previously unblemished record, his cooperation with the Grievance Committee, his admission of his mistakes, and his reorganization of his office by utilizing a computer escrow program to insure that this type of problem will not occur again. The respondent is, nevertheless, guilty of serious professional misconduct. By virtue of his commingling and failure to maintain proper bookkeeping records, he has displayed a reprehensible lack of organization with respect to his escrow account. Under the circumstances, the respondent is suspended from the practice of law for a period of three years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee and the respondent's cross motion to confirm in part and disaffirm in part are granted to the extent that Charges Two and Three are sustained and the motions are otherwise denied; and it is further,

Ordered that the respondent, Louis J. Milone, is suspended from the practice of law for a period of three years, commencing May 18, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the period of three years, upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Louis J. Milone, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.